UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM, # 272603,

    Plaintiff,

    v.                          CASE NO. 2:15-CV-11640
                                 HONORABLE GERALD E. ROSEN

JUDGE JENKINS, et. al.

    Defendants,
_____/

**OPINION AND ORDER DISMISSING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(g)**

This matter is before the Court on Plaintiff Michael Gresham's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff filed an application to proceed without prepayment of fees. Plaintiff is a state inmate who is currently confined at the Ionia Correctional Facility in Ionia, Michigan. [1] Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] Although plaintiff claims that he was transferred from the Macomb Regional Correctional Facility to the Gus Harrison Correctional Facility in Adrian, Michigan on or about February 5, 2015, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff is now incarcerated at the Ionia Correctional Facility in Ionia, Michigan.

## I. Background

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee when he filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that plaintiff has filed at least eight prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Gresham v. Caruso*, No. 2:10–cv–196 (W.D. Mich. October 27, 2011); *Gresham v. Canlis*, No. 2:11–cv–179, 2011 WL 3273219 (W.D. Mich. July 29, 2011); *Gresham v.*

*Wolak*, No. 2:10–cv–239, 2011 WL 3101098 (W.D. Mich. July 25, 2011); *Gresham v. Caruso*, No. 2:10–cv–195, 2011 WL 1357311 (W.D. Mich. April 11, 2011); *Gresham v. Paine*, No. 1:10–cv–1146 (W.D. Mich. March 8, 2011); *Gresham v. Caruso*, No. 1:10–cv–1038, 2011 WL 284454 (W.D. Mich. January 26, 2011); *Gresham v. Verville*, No. 2:10–cv–198, 2011 WL 202023 (W.D. Mich. January 19, 2011); *Gresham v. Mich. Dep't of Corr.*, No. 2:07–cv–241, 2008 WL 2397646 (W.D. Mich. June 9, 2008).

Plaintiff has also filed at least twelve separate § 1983 complaints, which were dismissed pursuant to 28 U.S.C. § 1915(g) on the ground that plaintiff had at least three prior civil rights complaints which had been dismissed for being frivolous. *See Gresham v. Romanowsky,* No. 2:12-cv-15489 (E.D. Mich. May 10, 2013); *Gresham v. Johnson*, No. 13-10351, 2013 WL 1703897 (E.D. Mich. April 19, 2013); *Gresham v. Romanowski,* No. 2:12-CV-14881 (E.D. Mich. January 7, 2013); *Gresham v. Prelesnik,* No. 1:12-cv-276 (W.D. Mich. July 2, 2012); *Gresham v. Czop,* No. 1:12-CV-494, 2012 WL 2317558 (W.D. Mich. June 18, 2012); *Gresham v. Mutschler*, No. 2:12–cv–9 (W.D. Mich. February 12, 2012); *Gresham v. Violetta*, No. 2:12–cv–24 (W.D. Mich. February 6, 2012); *Gresham v. Dahl*, No. 2:12–cv–21 (W.D. Mich. February 6, 2012); *Gresham v. Napel*, No. 2:11–cv–520 (W.D. Mich. February 6, 2012);

*Gresham v. Snyder*, No. 2:12–cv–5, 2012 WL 259975 (W.D.Mich. January 27, 2012); *Gresham v. LaChance*, No. 2:11–cv–231 (W.D. Mich. June 24, 2011); *Gresham v. Canlis*, No. 2:11–cv–179 (W.D. Mich. June 9, 2011).

## II. Discussion

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)(Lawson, J.). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Plaintiff has at least eight prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which

relief could be granted. More importantly, plaintiff has been advised by judges on at least twelve separate occasions that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals. As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F. 3d 857, 859 (7th Cir. 1999).

Plaintiff seeks to invoke the imminent danger exception to 1915(g) to permit him to proceed without prepayment of fees in spite of his numerous prior dismissals.

As a judge in the Western District of Michigan stated in rejecting another attempt by plaintiff to invoke the imminent danger exception, plaintiff's voluminous complaint "consists of numerous pages of disjointed allegations, interspersed at random with copies of medical kites, medical responses, grievance forms, commissary order forms, and photocopy requests." *Gresham v. Czop,* 2012 WL 2317558, at *3. Plaintiff's claims "are difficult to parse because Plaintiff frequently attributes single acts to a large number of Defendants (without describing any individual's role in the alleged conduct),

5

uses the passive voice, fails to identify any responsible actor, or attributes conduct to actors who are not named as Defendants." *Id.*

Assuming that plaintiff's various allegations can be properly ascertained, the main problem with invoking the imminent danger exception is that all of plaintiff's allegations involve past misconduct at either the Marquette Branch Prison, the Macomb Regional Correctional Facility, or the Gus Harrison Correctional Facility. Plaintiff is no longer incarcerated at these facilities but is now imprisoned at the Ionia Correctional Facility.

Plaintiff's complaint does not fall within the imminent danger exception to Section 1915(g) because all of his allegations involve acts of prior abuse. In order to come within the "imminent danger" exception contained in 28 U.S.C.§ 1915(g), a prisoner must show that "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed. Appx. 796, 797 (6th Cir. 2008). Assertions of past danger will not satisfy the imminent danger exception. *See Pointer v. Wilkinson*, 502 F.3d 369, 371, n. 1 (6th Cir. 2007); *Rittner,* 290 Fed. Appx. at 797. The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416

Fed. Appx. 560, 562 (6th Cir. 2011). All of plaintiff's claims involve allegations of past abuse. Moreover, plaintiff cannot allege that he is in imminent danger of serious physical injury at a facility where he is no longer incarcerated. *See Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999).

In addition, plaintiff's allegations of imminent danger are similar, if not the same, to allegations that he made and which were rejected in prior cases. Broadly speaking, plaintiff claims that he has been sexually assaulted or harassed by prison guards or staff. Plaintiff also claims that some of the defendants have placed a "hit" upon him to have him killed. Plaintiff further claims that prison staff are forcing psychotropic medications on him to make him appear to look mentally ill, in an apparent attempt to discredit plaintiff. Plaintiff further claims that he has been labelled a "snitch" by prison staff. These claims have been rejected numerous times as fantastic or delusional. In *Gresham v. Czop*, No. 1:12-CV-494, 2012 WL 2317558, at *6-7, the judge, in rejecting similar allegations of imminent danger made by plaintiff as "conclusory," "ridiculous", and "wholly incredible," cited to no fewer than eleven previous cases in which other judges had rejected plaintiff's claims that various prison officials were trying to kill him, had sexually assaulted him, forced plaintiff against his will to take psychotropic medications, or otherwise

physically assaulted him. Likewise, plaintiff's claim that he is in imminent danger because he was labeled a "snitch" was rejected by Judge Cleland of this district. *See Gresham v. Johnson*, 2013 WL 1703897, at *2 (petitioner's claim that he was in imminent danger because he was labeled a snitch was unsubstantiated by sufficient facts or detail to raise a real possibility that he is in danger of imminent physical injury).

In addition, although plaintiff claims to be suffering from numerous health problems, including bipolar disorder, sleep apnea, hernias, skin rash, testicular lumps and tooth pain, other judges have previously rejected these conditions as presenting an imminent danger of serious physical injury, particularly where it appeared that plaintiff was being treated for those conditions. *Gresham v. Czop*, 2012 WL 2317558, at *5, *See also Gresham v. Romanowski,* No. 2:12-CV-14881, at * 4; *Gresham v. Prelesnik,* No. 1:12-cv-276, at * 8.

Plaintiff's conclusory allegations that prison staff are trying to kill him, have sexually abused him, are forcing him to take psychotropic medications against his will, and are ignoring his health needs are completely unsupported by any evidentiary material and appear to be nothing more than "a thinly veiled rehashing" of similar claims made by plaintiff in prior lawsuits that were

rejected by the judges in those cases. *See Chance v. Tennessee,* 47 Fed. Appx. 762, 763 (6th Cir. 2002). Plaintiff's repeated allegations of imminent danger appear to be not only conclusory and unsupported, but downright delusional or irrational. A district court may deny a prisoner leave to proceed pursuant to § 1915(g) when that prisoner's claims of imminent danger are "conclusory or ridiculous," or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Rittner v. Kinder*, 290 Fed. Appx. at 798. Indeed, plaintiff's extensive mental health history makes his imminent danger claims less believable than they might otherwise be. *See Ball v. Famiglio*, 726 F.3d 448, 470 (3rd Cir. 2013). Plaintiff is not entitled to invoke the imminent danger exception to § 1915(g), because his complaint contains insufficient facts and detail to establish that he is in danger of imminent physical injury or are delusional, irrational, or wholly incredible. *Rittner,* 290 Fed. Appx. at 798.

Plaintiff's complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540. Since plaintiff has had eight prior cases dismissed against him for being frivolous, malicious, or failing to state

a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

Finally, because plaintiff has been barred from filing this action without prepayment of fees pursuant to 28 U.S.C. § 1915(g), the Court will deny plaintiff's request for injunctive relief. *See e.g. Alea v. Dennis,* 83 Fed. Appx. 115 (6th Cir. 2003). The Court will deny plaintiff's remaining motions as moot. [2]

### III. ORDER

IT IS HEREBY **ORDERED** that Plaintiff Michael Gresham's *in forma pauperis* status is **DENIED** and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by Plaintiff would not be done in good faith.

IT IS FURTHER ORDERED that plaintiff's motions for a preliminary injunction [Dkt. # 3], motion to join parties for a class action [Dkt. # 4], and

---

[2] To the extent that plaintiff is repeating allegations that he has already raised in *Gresham v. Stewart,* No. 13-10189 (E.D. Mich.), which remains pending before Judge Gershwin A. Drain, these would be dismissed as duplicative of the allegations in that case. *See e.g. English v. Runda,* 875 F.2d 863 (Table); No. 1989 WL 51408, * 1 (6th Cir. May 18, 1989).

motion for order compelling MDOC Business Office to turn over trust account statements [Dkt. # 5] are **DENIED.**

                                  s/Gerald E. Rosen  
                                  Chief Judge, United States District Court

Dated:  May 26, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 26, 2015, by electronic and/or ordinary mail.

                                  s/Julie Owens  
                                  Case Manager, (313) 234-5135